**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

YOLANDA G. KERR,

                         Plaintiff,

                                            CIVIL ACTION

v.

                                            No: 07-2604-KHV-GLR

DILLARD STORE SERVICES, INC.,
et al.,

                         Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Stay All Proceedings Pending Determination of Motion to Dismiss and Compel Arbitration (doc. 7).  Defendants request an order staying pretrial proceedings in this matter until such time as the Court rules on Defendants' pending Motion to Dismiss and Compel Arbitration Or, In the Alternative, to Stay Proceedings Pending Arbitration (doc. 6).  Plaintiff opposes the motion, arguing that she never knowingly entered into any arbitration agreement with Dillard's and she never signed any agreement to arbitrate.  She asks the Court to deny Defendants' motion and allow, at a minimum, discovery to proceed on the issue of whether any agreement to arbitrate exists.

The decision to stay discovery is firmly vested in the sound discretion of the trial court.[1] The Tenth Circuit, however, has recognized the principle that "the right to proceeding in court should not be denied except under the most extreme circumstances."[2]  In light of this principle, the general

---

[1]*Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990)

[2]*Commodity Futures Trade Comm'n v. Chilcott Portfolio Mgmt, Inc.*, 713 F.2d 1477, 1484
                                                   (continued...)

policy in the District of Kansas is not to stay pretrial proceedings and discovery based upon the pendency of dispositive or other motions, even though they may have a significant bearing on the case.[3]  The court has recognized exceptions to this general rule and has held that a stay of discovery until a pending motion is decided may be appropriate "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[4]

In this case, the Court finds no reason to depart from the District's general policy of permitting a case to proceed even though a potentially dispositive motion is pending.  The Court cannot conclude that the case is likely to be finally concluded as a result of the Court's ruling on Defendants' Motion to Dismiss and Compel Arbitration Or, In the Alternative, to Stay Proceedings Pending Arbitration, especially in light of Plaintiff's contention that she never signed any agreement to arbitrate, nor did she consent to anyone else signing her name.  Staying discovery is also not appropriate because uncompleted discovery on the issue of whether an agreement to arbitrate exists between Plaintiff and Dillard's will likely affect the resolution of Defendants' motion to compel arbitration.  Finally, Defendants have not shown that allowing discovery on all issues would be wasteful or burdensome.

---

[2](...continued)
(10th Cir. 1983).

[3]*Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Semsroth v. City of Wichita*, Civ. A. No. 06-2376-KHV-DJW, 2007 WL 2287814, at *1 (D. Kan. Aug. 7, 2007).

[4]*Wolf*, 157 F.R.D. at 495 (citing *Kutilek,* 132 F.R.D. at 297-98).

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Stay All Proceedings

Pending Determination of Motion to Dismiss and Compel Arbitration (doc. 7) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 10th day of March, 2008.

<u>s/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
U.S. Magistrate Judge